```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :      CASE NO. 1:11-CV-2796
KAREN P. ZELLNER, et al.,                     :
           Plaintiffs,                        :      JUDGE JAMES S. GWIN
                                              :
                                              :
     v.                                       :      OPINION & ORDER
                                              :      [Resolving Doc. No. 8]
SIGNATURE HEALTH SERVICES              :
– MANSFIELD, LLC,                             :
           Defendant.                         :
                                              :
-------------------------------------------------------
```

Plaintiffs Karen Zellner, Lisa Kemp, and Norma Hopkins brought this employment discrimination case against their former employer, Signature Health Services – Mansfield, LLC ("Signature"). [Doc. 1.] Signature now moves under Federal Rule of Civil Procedure 12(b)(4) to dismiss the case due to Plaintiffs' failure to serve process in a timely fashion. [Doc. 8.] Plaintiffs justify their late service by pointing to difficulty identifying Signature's agent of process. [Doc. 10.] For the following reasons, the Court DENIES Defendant Signature's motion to dismiss.

I.  Background

On December 27, 2011, Plaintiffs filed the instant complaint alleging age discrimination under theories of disparate treatment and harassment. [Doc. 1.] The parties had previously been litigating in state court. [Doc. 11-1, at 5.] Signature has not changed its address or its agent of process since the time it was served in the state case. [Doc. 8-1.] Plaintiffs believed otherwise. They heard secondhand that Signature was under new ownership. [Docs. 10-1, at 1; 3, at 1.]

Under Federal Rule of Civil Procedure 4(m), service was to be effected by April 25, 2012.

Case No. 1:11-CV-2796
Gwin, J.

On January 16, 2012, Plaintiffs first attempted to notify Signature of the federal lawsuit by mailing a service waiver request to the agent for a company known as "Signature Health Service Akron-LLC." [Docs. 11-6, 3-1, 10-3.] The letter was returned as undeliverable. [Doc. 3-3.] On April 4, 2012, Plaintiffs again tried to notify Signature by sending mail to "Signature Health Services, LLC" in Louisville, Kentucky.[1] [Doc. 3-5, 10-6.] At no point did Plaintiffs send mail to the address used for service in the state litigation. That address turns out to have been correct all along.

On April 25, 2012, the day that service was due, Plaintiffs moved for more time. [Doc. 3.] This Court granted the motion, now requiring perfection of service by May 25, 2012. Plaintiffs did so on May 23, 2012. [Doc. 6, 10-7.]

II.  Law and Analysis

Rule 4 of the Federal Rules of Civil Procedure establishes the requirements for sufficiency of process. It is the plaintiff's responsibility to serve the defendant with the summons and a copy of the complaint.

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effectuated within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed R. Civ. P. 4(m). Rule 4(m) provides district courts with "discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662 (1996) (quoting Fed. R. Civ. P. 4 advisory committee's note).

Courts have identified several factors that district courts may consider in exercising discretion

---

[1] Plaintiffs discovered their error on April 26, 2012, when the Kentucky entity notified them that it was not the correct Signature.

Case No. 1:11-CV-2796
Gwin, J.

over extensions of the 120-day service of process requirement.  *See, e.g.*, *United Prod. Solutions, Ltd. v. Tara Toy Corp.*, No. 5:10-cv-1718, 2011 WL 3566849, at *2 -3  (N.D. Ohio Aug. 12, 2011).  These factors include whether a refiled action would be barred as untimely; whether the defendant is being evasive; whether a significant extension of time was required; whether the defendant had actual notice of the lawsuit; the potential prejudice to each party from an adverse ruling; and the extent of good-faith efforts at proper service of process.  *Id.*; *cf.* *Fulgenzi v. Wyeth, Inc.*, No. 5:09–cv–01767, 2010 WL 2403377, at *4 (N.D. Ohio June 10, 2010) (dismissing case against defendant not served before filing of dispositive motions, even though statute of limitations would then bar re-filing).

Four months elapsed between the filing of this complaint and perfection of service.[2]  It is hard for the Court to understand why it took Plaintiffs this entire period to conclude that Signature could be reached at the same address it had always had.  Plaintiffs' cause is not helped by their counsel's repeated, lengthy delays in even attempting to contact Signature, by phone or otherwise, while Signature had no actual notice of the suit.

Plaintiffs have, however, demonstrated that a variety of searches on the Ohio Secretary of State's website returned unhelpful results.  [Doc. 10-5.]  The only search that generates an exact match is "Signature Health Services-Mansfield, LLC," with a hyphen unaccompanied by spaces. Bizarrely, Signature suggests that Plaintiffs' counsel should have cross-referenced the name of the statutory agent for one of the wrong entities in order to smoke out the listing for Signature, because it has the same agent.  [Doc. 11, at 2; Doc. 11-3.]  While Plaintiffs' proffered reason for delay does

---

[2] The Court's grant of the *ex parte* motion for an extension did not preclude Signature from seeking dismissal, as it is now doing.  See *Fulgenzi*, 2010 WL 2403377, at *2 (pointing out that the unserved defendant did not have an opportunity to oppose the extension).

Case No. 1:11-CV-2796
Gwin, J.

not constitute good cause, it does suggest "good-faith efforts" under the *Tara Toy* standard.

If this case involved multiple defendants, as *Fulgenzi* did, Signature could argue that the progress of litigation in its absence had hampered its ability to mount a defense.  Instead, the litigation has been in stasis since the filing of the complaint.  *Cf. Fulgenzi*, 2010 WL 2403377, at *3 (describing motion practice and potentially dispositive preemption issue resolved before movant was served).  Signature has lost no opportunity to make any aspect of its case.  Nor has it made any showing of other prejudice, besides the delay that affects both parties equally.  By contrast, an adverse ruling might prevent the Plaintiffs from bringing the suit within the statute of limitations.  [Doc. 10, at 6.]

Having balanced the equities, the Court will exercise its discretion to excuse Plaintiffs' late service of process.  Accordingly, Signature's motion to dismiss under Rule 12(b)(4) is DENIED.

IT IS SO ORDERED.

Dated:  October 25, 2012                          s/         *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE