IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KAREN P. ZELLNER, et al.,** ) | |
| ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CASE NO. 1:11CV2796 |
| v. ) | |
| ) | |
| **SIGNATURE HEALTH** ) | JUDGE JAMES S. GWIN |
| **SERVICES-MANSFIELD, LLC** ) | |
| ) | |
| DEFENDANT. ) | |

### Affidavit of Becky Gordon

State of Ohio )
                ) SS: Affidavit of Becky Gordon
County of Richland )

I, Becky Gordon, being first duly sworn, depose and state that I am of sound mind, of legal age and have personal knowledge of the following facts:

1. I was employed by Signature Health Services, LLC and its successor company Signature Health Services-Mansfield, LLC from August 16, 2005 to June/July 2011.

2. I was and am a Licensed Practical Nurse, commonly referred to as an "LPN".

3. My date of birth is August 17, 1973.

4. I worked with Karen Zellner, LPN, Norma Hopkins, LPN and Lisa Kemp, RN during my employment with Signature.

5. From August 2005 to November 2010, I was a "prn" nurse paid per diem, or per visit. I was not a full time salaried or hourly employee. I was not a part time employee. I was not an "on call" nurse. My official status was "prn" which to my understanding means as needed or as mutually convenient for Signature and myself. As a prn nurse, I was

permitted to accept and decline assignments if they were inconvenient for me. I was not disciplined or criticized for declining assignments. For example, if a case needed daily dressing changes and I was unavailable for consecutive days or the full commitment, I was free to decline the case without reprimand.

6. I was also free to reject certain cases that I felt I was not the most experienced at and felt patients deserved the best care possible to maintain their dignity. Clients with cholostomy needs were a particular issue with me and I declined those cases. I was not reprimanded for declining these cases.

7. After November 2010, Signature made me a part time employee.

8. Upon my hiring in 2005, I was trained by Signature to bill my time in 30 minute increments. I usually charted 30-45 minute visits.

9. I was not disciplined for billing my time in 30 minute increments as I was trained to do by Signature.

10. I did not believe I received progressive discipline for documentation errors or omissions revealed during an internal audit of charts but may have received verbal comments on year end review.

11. As an LPN Field Nurse, I visited clients in their homes. This required me to travel throughout Richland County.

12. I routinely received verbal telephone orders from physician's offices. Signature's practice was to have the LPN's communicate verbally to the Case Manager the telephone order from the physician's office. I would hand write the order and turn it in weekly. The Case Manager did not need to visibly see the order and routinely followed an LPN verbal order. I routinely requested physician offices to fax in certain orders to Signature to chart the file. I was not disciplined for this practice. Signature never instructed me to bring in any telephone verbal order from a physician's office by the close of business that same day.

13. Signature changed this policy after Signature and Zellner had an issue about a telephone verbal order in the Summer of 2010. In the Summer of 2010, after Signature disciplined Zellner for failure to bring a verbal telephone order in by the close of business that same day, Signature changed its policy of having orders turned in weekly to submission within 24 hours. I specifically recall an inservice training meeting held on March 24, 2011 in

which Signature trained its nurses that telephone verbal order needed to be turned in within 24 hours.

14. I was not discipline for unprofessional behavior or insubordination when I spoke up for myself when I felt I was being unfairly treated by Teresa Wilkins, Director of Nursing in September 2010.

15. I was given a warning on or about September 3, 2010 for allegedly failing to write up temporary verbal physician order. This was not true. I explained the problem arose when a registered nurse visited a client for a 60 day recertification examination. That registered nurse failed to document an updated medication list to include the prescription vicodin. When some of this client's vicodin came up missing, Signature tried to blame me for the error. I felt the Director of Nursing was trying to unfairly blame this situation on me. I objected and raised my voice with some emotion to Ms. Wilkins. However, I was not disciplined for unprofessional behavior or insubordination for standing up for myself. I reported the missing vicodin to the authorities. The registered nurse, Melissa Barre, who failed to update the medication list was removed from that client's care and transferred to another office. That register nurse who was transferred was more than 10 years younger than Zellner and I do not believe she was reprimanded for the medication error.

16. After Karen Zellner was terminated, Signature distributed her case load to Mandy McClelland who is in 30's and is more than ten years younger than Zellner.

17. On June/July 2011, I resigned my position at Signature. From my observations, Signature management was hostile towards Zellner, harassed her and treated her differently than other LPNs and RNs who were younger than her.

18. FURTHER AFFIANT SAYETH NAUGHT.

_____
Rebecca Gordon

SWORN TO before me and subscribed in my presence this 23rd day of December, 2012.

_____
NOTARY PUBLIC
JONATHAN A. GOOD, Atty.
NOTARY PUBLIC · STATE OF OHIO
My commission has no expiration date
Section 147.03 O.R.C.