IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| KAREN P. ZELLNER | ) | |
| 2845 Perrysville Road | ) | |
| Lucas, OH 44843 | ) | |
| | ) | |
| Plaintiff, | ) | **FIRST** |
| | ) | **AMENDED COMPLAINT** |
| v. | ) | |
| | ) | (TRIAL BY JURY DEMANDED) |
| SIGNATURE HEALTH | ) | |
| SERVICES-MANSFIELD, LLC | ) | |
| 1092 Lexington Avenue | ) | |
| Mansfield, OH 43205 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Karen J. Zellner ("Zellner") for her first amended complaint against Signature Health Services-Mansfield, LLC ("Signature") states as follows:

### PRELIMINARY STATEMENT

1. This is an action brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C §§ 621-634 to obtain relief for plaintiff KAREN P. ZELLNER.

2. This action is brought by plaintiff to secure redress for violations by defendant of plaintiff's civil right to be free from employment discrimination and harassment because of her age.

## JURISDICTION AND VENUE

3. This suit seeks recovery for age discrimination under a theory of disparate treatment, harassment and retaliation because of age under Age Discrimination in Employment Act of 1967, 29 U.S.C §§ 621-634.

4. Federal Court jurisdiction exists over plaintiff's discrimination claims pursuant to Section 7(c) of the Age Discrimination in Employment Act, 29 U.S.C. §626(c) as well as 28 U.S.C. §§1331 and 1337(a), and 28 U.S.C. §§2201 and 2202.  The Court has pendent jurisdiction over any state law claims.

5. This is the proper venue for this action in that the unlawful employment practices alleged herein were committed within this Court's judicial district.

## NATURE OF THIS ACTION

6. This is an action brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C §§ 621-634 to obtain relief for plaintiff, Karen P. Zellner.  The action arises from a pattern and practice of discrimination, harassment, and retaliation against Karen P. Zellner by defendant because of her age.  This action also includes a claim of retaliation in violation of Ohio's public policy which prohibits retaliation for testifying truthfully in an administrative hearing.

## PARTIES

7. Plaintiff, Karen P. Zellner, is a citizen of the United States born on May 17, 1957 and was 53 years old at the time of her termination by defendant on August 12, 2010.

8. Defendant, Signature Health Services–Mansfield, LLC is a domestic limited liability company incorporated in the State of Ohio. Defendant is engaged in an industry effecting commerce within the State of Ohio and it employs more than 20 employees for each working day for 20 or more calendar weeks in the current or proceeding calendar year.

## STATEMENT OF FACTS
### (Karen P. Zellner)

9. Zellner worked for Signature for seven (7) years as a licensed practical nurse ("LPN") dating from September 30, 2003 to August 12, 2010.

10. Zellner received commendable performance reviews from 2003 to 2009.

11. These reviews commended Zellner for her high quality of work and because she routinely followed Signature's policies and procedures.

12. In 2008 and 2009, Zellner observed Signature managers favoring younger nurses and disfavoring older nurses, including herself.

13. Zellner noticed that younger nurses were being treated differently than her. Zellner complained about the practices and different treatment to her supervisors.

14. Zellner also felt she was being harassed by Signature for alleged policy violations. Zellner complained to her supervisors about the harassment.

15. In January 2010, Zellner noticed a marked decrease in the number of hours/patients offered to her by Signature for home health visits.

16. Zellner noticed that Signature's registered nurses were taking visitation calls that used to be assigned to LPN's.  Allegedly, according to Signature, the registered nurses needed these increased visitation calls to fill their salaried expectations at the expense of the LPN staff.  This shift in business practices had the effect of reducing Zellner's visitation/client assignments.  Without visitation/client assignments, Zellner's compensable work hours dropped significantly.

17. Zellner filed a claim for supplemental unemployment insurance as a result of her lost work hours.

18. Zellner participated in an unemployment hearing on or about June 6, 2010.  Norma J. Hopkins, Lisa Kemp, Beth Johnson and Becky Gordon testified or submitted written statements for Zellner during this and subsequent hearings.

19. After the June 6, 2010 hearing, Zellner noticed increased scrutiny in her employment and increased harassment of her by management.

20. On or about June 30, 2010, Signature treated Zellner differently than younger nurses involved in an incident of discussing medications in front of a patient.

21. Between July 29 and August 4, 2010, younger nurses who improperly set up a patient's medications were treated more favorably than Zellner who corrected the set up.  Zellner was disciplined while the younger nurses were not.

22. On August 12, 2010, Signature discharged Zellner alleging an assortment of reasons purporting to support the decision to terminate her.  All of these reasons are false, unfounded and merely pretext for unlawful discrimination and retaliation.

23. During this time, Zellner observed Signature's systematic termination of several individuals in the protected age category.

24. Zellner was fifty three (53) at the time of her termination.  Signature replaced Zellner with an individual more than ten (10) years younger than Zellner.

25. On October 12, 2010, Zellner filed a charge of discrimination.

26. On September 26, 2011, the EEOC mailed Zellner a right to sue letter which was received on September 28, 2011 and this action was timely filed.

## COUNT I
## ( Age Discrimination Claims)

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26, inclusive, and incorporates the same by reference as though set forth fully herein.

28. Plaintiff brings this cause for relief and damages pursuant to Section 7(c) of the Age Discrimination and Employment act of 1967, 29 U.S.C.§623(a), (d) and 626(c). Plaintiff states her age was 53 (Zellner) at the time of her unlawful termination from employment with Signature.  Plaintiff states she was replaced by individuals more than ten (10) years younger than her.

29. Signature's employment patterns and practices complained of herein, were directly based on Plaintiff's age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").

30. As a direct and proximate result of the above-described actions by Signature, Plaintiff, was unlawfully discriminated, harassed and retaliated against based on her age and suffered a loss of wages and other employment benefits and compensation.

31. As a further direct and proximate result of the above-described actions of Signature, Plaintiff has suffered and/or continues to suffer emotional distress, humiliation and dignitary harms, and other injuries.

32. Signature undertook the above-described actions willfully and in reckless disregard for Plaintiff's rights under the ADEA.

## COUNT II
### (Wrongful Termination in Violation of Ohio Public Policy)

33. Plaintiff re-alleges the prior paragraphs 1 through 32 as if fully set forth below.

34. In Ohio, a cause of action may be brought for the tort of wrongful discharge in violation of public policy based on discrimination and retaliation in the workplace.

35. Defendant retaliated against Plaintiff by disciplining and terminating her employment after she participated in an unemployment hearing in June 2010 in support of her application for benefits due to the drop in her assignments.

36. These actions by Defendant are in contravention of Ohio law and public policy.

37. That Plaintiff's dismissal under these circumstances will jeopardize Ohio's public policy favoring efforts to protect truthful testimony before adjudication tribunals or administrative bodies, and the policy protecting individuals against retaliation and wrongful terminations.

38. That Defendant lacked a legitimate business reason for Plaintiff's dismissal.

39. Defendant's actions were willful, malicious, and in reckless disregard for Plaintiff's rights.

40. Plaintiff states she has suffered economic and compensatory damages, and has experienced pain, suffering, and embarrassment as a result of the retaliatory practices she endured while employed by Signature.

41. Plaintiff requests punitive damages as permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT AS FOLLOWS:

1. For an injunction restraining Signature and their officers, agents, directors, successors, employees, attorneys, or representatives from further violations of the ADEA;

2. For an order reinstating Plaintiff;

3. For a declaration that Signature's practices, procedures, policies, and actions complained of herein violated the rights of Plaintiff;

4. For an award of back pay to Plaintiff, in amounts according to proof;

5. For an award of front pay to Plaintiff in amounts according to proof;

6. For an award of compensatory, liquidated, and punitive damages in amounts according to proof;

7.  For reasonable attorneys fees and costs of suit;

8.  For such other and further relief which this Court deems just, equitable, and proper including but not limited to pre-judgment interest.

>  Respectfully submitted,
>
>  s/ Jonathan A. Good
>  Jonathan A. Good (0065649)
>  Good & Good LLC
>  Standard Building
>  1370 Ontario St., Suite 1510
>  Cleveland, Ohio 44113
>  Phone: (216) 575-1900
>  Fax: (877) 450-7810
>  jgood@goodlawllc.com

### JURY DEMAND

Plaintiff demands a trial by jury on all counts.

>  s/ Jonathan A. Good
>  Jonathan A. Good
>  Attorney for Plaintiff, Karen P. Zellner

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of Plaintiff's First Amended Complaint was filed electronically on this 8th day of January, 2013, and made available through the Court's system to:

G. Brenda Coey
Susan Rogers
Buckingham, Doolittle & Burroughs, LLP
4518 Fulton Drive NW
Canton, Ohio 44718

                                        s/ Jonathan A. Good
                                        JONATHAN A. GOOD (0065649)
                                        Attorney for Plaintiff,
                                        Karen P. Zellner